IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CLAYTON HENDERSON, #223623 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-535 |
| | § | |
| JUDGE WAYNE MALIA, ET AL. | § | |

### REPORT AND RECOMMENDATION

Plaintiff Clayton Henderson, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986).

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff alleges that Judge Malia has exhibited bias and prejudice against him in his state criminal proceeding and seeks to have him removed from his case. The Court lacks subject matter jurisdiction to consider Plaintiff's claim. Under 28 U.S.C. § 1361, United States District Courts cannot issue mandamus to compel a state, a state agency or its officers or court officials to perform any duty owed to Plaintiff under state law. *Chamberlain v. Court of Appeals, Ninth District, Jefferson County, Texas (Beaumont)*, 102 Fed. Appx. 386 (2004); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983).

Plaintiff has also sued his attorney, Greg Russell, who was hired by Plaintiff's family. In that it appears Russell was not appointed by the Court, his actions cannot be construed as that of a state actor. In order to bring an action for a constitutional violation under Section 1983, the deprivation must have been caused by a person acting under state law. Even if Russell were performing his duties as a state actor, Plaintiff has wholly failed to state how Russell violated his rights, constitutional or otherwise. Moreover, Plaintiff can refuse representation by Russell. If Plaintiff allows Russell to represent him and then feels his representation contributed to an unfair verdict or outcome, Plaintiff may then appeal the conviction or file an application for write of habeas corpus. The Section 1983 claim against Greg Russell is frivolous.

For the aforementioned reason, it is the **RECOMMENDATION** of this Court that all **claims against Defendant Russell be DISMISSED as frivolous and claims against Judge Malia be DISMISSED for lack of subject matter jurisdiction.**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **June 11, 2007,** to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____23rd____ day of May, 2007.

_____
John R. Froeschner
United States Magistrate Judge